UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

IBOU LAYE GUEYE,

                Petitioner,                Case No. 1:26-cv-1631

v.                                 Honorable Jane M. Beckering

MARKWAYNE MULLIN et al.,

                Respondents.

_____/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with another bond hearing. (Pet., ECF No. 1, PageID.3.)

In an Order entered on June 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of

Petitioner's February 24, 2026, bond hearing on June 4, 2026. (Resp., ECF No. 7; Recording of Feb. 24, 2026, Bond Hearing, filed on June 4, 2026.)

## II.      Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. (Pet., ECF No. 1, PageID.2.) In August of 2025, Petitioner was arrested by ICE. (*Id.*) On December 12, 2025, the Cleveland Immigration Court denied Petitioner's asylum application and ordered that Petitioner be removed to Senegal. (Dec. 12, 2025, Order Immigration Judge, ECF No. 7-1.) On January 8, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals (BIA). (Filing Receipt, ECF No. 7-1.)[1]

On February 24, 2026, Petitioner received a bond hearing in the Detroit Immigration Court pursuant to § 1226(a). (*See* Feb. 24, 2026, Order Immigration Judge, ECF No. 7-3.) At the conclusion of the bond hearing, in a written order, the Immigration Judge denied bond, stating: "flight risk." (*Id.*, PageID.39.)

## III.     Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge improperly concluded "that he was a danger to the community"[2] and did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 24, 2026. (Pet., ECF No. 1,

---

[1] In Respondents' response, which they filed on June 4, 2026, Respondents indicate that Petitioner's appeal to the BIA remains pending (Resp., ECF No. 7, PageID.15), and at the February 24, 2026, bond hearing, the Immigration Judge indicated that Petitioner's appeal of the removal order was pending. (Recording of Feb. 24, 2026, Bond Hearing, filed on June 4, 2026.) Therefore, based on the information presented by the parties in this action, there is no indication in the record before the Court that Petitioner's removal order is administratively final.

[2] As set forth above, the Immigration Judge denied Petitioner's request for a bond, concluding that Petitioner was a flight risk, rather than a danger to the community. (*See* Feb. 24, 2026, Order Immigration Judge, ECF No. 7-3.)

PageID.2); *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:       June 11, 2026                        /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge